IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL JAMES OAKLEY, JR., § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-3520 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| *Respondent*. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Samuel James Oakley, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging the calculation of his sentence following two parole revocations. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is not entitled to habeas relief, his petition will be dismissed.

**Background**

Petitioner reports that he was convicted of murder in January, 1983 and sentenced to twenty years incarceration. In February, 1990 he was released on parole, which was revoked in July, 1993. In July, 1997 he again was released on parole, which was revoked in November, 2003. Petitioner claims that he was denied credit for the combined ten years of "street time" he accrued prior to the parole revocations, such that his sentence was fully

discharged in October, 2002. Petitioner asserts that he has exhausted his state court remedies.

In the instant case, petitioner claims that the loss of his street time denied him due process and equal protection, violated his protections against *ex post facto* laws and double jeopardy, and illegally extended his sentence by ten years.

## Analysis

Due Process Claims

Under Texas law, an inmate whose parole release was revoked prior to September 1, 2001 was not entitled to a credit against his sentence for the street time he had accumulated prior to the revocation. *See* TEX. GOV'T CODE § 508.283, *formerly codified at* TEX. CRIM. PROC. CODE art. 42.18, § 14(a). This was the law in Texas since at least 1965. *Ex parte Canada*, 754 S.W.2d 660, 661 n. 2 (Tex. Crim. App. 1988). Therefore, under the statutory scheme in place prior to September 1, 2001, state inmates had no constitutionally protected liberty interest in retention of street time upon revocation of parole. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). As a result, petitioner had no constitutionally protected liberty interest in his accrued street time as to the 1993 parole revocation, and no cognizable habeas ground is shown as to the loss of his accrued street time regarding that revocation.

Under the amended statutory scheme, however, certain inmates whose parole was revoked on or after September 1, 2001 are entitled to some street time credit upon their return to prison. *See* TEX. GOV'T CODE § 508.283(c); *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.

2

Crim. App. 2004). The Fifth Circuit has held that this amendment may have created a constitutionally protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. *See Whitley v. Dretke*, 111 Fed. Appx. 222, 223, 2004 WL 1895117 (5th Cir. 2004) (unpublished).

Petitioner's second parole was revoked in 2003, meaning that the amended version of section 508.283(c) was in effect at that time. However, even assuming that the amended statutory scheme created a protected liberty interest in accrued street time following parole revocation, petitioner fails to show his eligibility for the restoration of street time credit under the amended statute. Before an inmate can be entitled to restoration of street time credit under the 2001 statute, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code. *See* TEX. GOV'T CODE §§ 508.283(b), (c). Murder is one of the offenses listed in section 508.149(a) of the Texas Government Code. Because petitioner was convicted of murder, he cannot satisfy the first condition for the restoration of street time credit as to the 2003 revocation. *See* TEX. GOV'T CODE § 508.283(b). Accordingly, he cannot show a denial of due process by his loss of street time credit following the 2003 parole revocation. Nor did the denial of street time credit for these revocations increase petitioner's sentence for the offense of murder beyond what was prescribed when the crime was committed. Petitioner still must serve the same twenty-year sentence imposed by the trial court and permitted by Texas law at the time of the offense. Contrary to petitioner's argument, forfeiture of his

3

street time credit did not unlawfully lengthen or prolong his sentence beyond the original term imposed by the trial court, even though his maximum sentence discharge date may have been extended due to the forfeiture. *See Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1997). Petitioner's claim that the administrative "extension" of his judicially-imposed sentence violates the federal Separation of Powers Clause is patently without merit.

In short, petitioner does not have a liberty interest grounded in either state law or the federal Due Process Clause that would require the prison system to credit his sentence with the time he spent on parole prior to his parole revocations.

Double Jeopardy Claim

Petitioner argues that requiring him to serve the entire portion remaining on his sentence after his parole revocations violates the multiple punishments prong of the Double Jeopardy Clause. The Fifth Circuit has declined to extend the provisions of the Double Jeopardy Clause to parole revocation proceedings. *Morrison*, 106 F.3d at 129 n. 1. Petitioner is not entitled to habeas relief on this claim.

Ex Post Facto Claim

Petitioner also raises a claim for violation of the federal Ex Post Facto Clause. To constitute a violation of the Ex Post Facto Clause, a change in law must be both retroactive and to an inmate's detriment. *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997). The courts must determine whether the change produced a sufficient risk of increasing the

measure of punishment attached to the covered crimes. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995).

Petitioner alleges that the State of Texas has added time to his sentence by not crediting him for time spent on parole in calculating the remainder of his twenty-year sentence. As already noted, Texas law has provided since at least 1965 that a person is not entitled to credit for street time following revocation of parole. The denial of street time credit following his parole revocations did not increase petitioner's punishment for the offense beyond what was prescribed when the crime was committed. *See Morrison*, 106 F.3d at 129 n.1. Petitioner still must serve the same sentence imposed by the trial court and permitted by Texas law at the time of the offense. No *ex post facto* grounds for habeas relief are shown.

Equal Protection Claim

Petitioner asserts that the loss of his street time credits following the parole revocations denied him "equal protection" under the law because the state failed to apply the law as it existed at the time of his 1982 offense. Petitioner cites no specific 1982 state law that would have obligated the state to credit him his accrued street time following the parole revocations. This Court again notes that Texas law has recognized the loss of street time following parole revocation since at least 1965. The statutory amendment effective in 2001 has no application to petitioner as his 1982 murder offense is a non-qualifying offense under the amended statute. No equal protection violation is shown.

5


## Conclusion

Federal habeas relief is available only if a petitioner alleges and shows that he has been deprived of a right secured to him by the constitution or laws of the United States. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The instant petition does not present any cognizable basis for habeas relief.

The petition for habeas relief is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on November 16, 2006.

_____
Gray H. Miller
United States District Judge